UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEONARD BRACEY,

    Petitioner,

v.                                        Case No. 5:13-cv-531-Oc-30PRL

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

    Respondents.

## ORDER OF DISMISSAL

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a Response to the Petition seeking dismissal of the action with prejudice pursuant to the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244. (Doc. 6). Petitioner has filed a Reply. (Doc. 8.) The Petition, the Response to the Petition and the record submitted with the Response, and the Reply demonstrate that an evidentiary hearing is not warranted and the Court may resolve the Petition on the basis of the record. *See* Habeas Rule 8(a).

### Conviction and Sentence

This action stems from Petitioner's 2006 conviction in the Fifth Judicial Circuit (Marion County, Florida) for burglary of a dwelling with a battery; possession of cocaine; violation of condition of pre-trial release; and the lesser included offense of battery. (Doc.

7, App. C, D, E). The trial court sentenced Petitioner to life imprisonment on the burglary charge; five years imprisonment for possession of cocaine charge; and time served for the remaining two counts. The trial court designated Petitioner as a Violent Career Criminal pursuant to Fla Stat. § 775.084. (App. F).

While Petitioner's direct appeal was pending, the State filed a motion to correct sentence, agreeing that Petitioner should not have been designated a Violent Career Criminal. (App. G). The trial court granted the motion, and Petitioner was resentenced on March 14, 2008 to 30 years on the burglary charge, and the Violent Career Criminal designation was stricken. (App. H). On direct appeal, the appellate court affirmed Petitioner's conviction in part and reversed in part, remanding to the trial court to vacate the simple battery conviction. (App. N); *Bracey v. State*, 985 So. 2d 704 (Fla. 5th DCA 2008). Mandate issued July 30, 2008. (App. O). The trial court docket reflects that the simple battery charge was vacated and the charge dismissed on July 30, 2008.

On February 14, 2010, Petitioner filed a post-conviction motion. (App. P). The trial court denied Petitioner's motion on November 10, 2011. (App. W). Petitioner appealed, and the appellate court affirmed on July 31, 2013, with mandate issuing on August 24, 2012. App. AA, BB; *Bracey v. State*, 94 So.3d 605 (Fla. 5th DCA 2012). Petitioner provided the instant federal habeas petition to prison officials for mailing on October 24, 2013. (Doc. 1).

## Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for seeking federal habeas corpus relief from a state court

judgment. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 54f9 U.S. 327, 331 (2007). The limitations period runs from, *inter alia*, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The judgment under which Petitioner is currently in custody was affirmed by the Fifth District Court of Appeal on July 11, 2008. Petitioner's conviction became final on October 9, 2008, when the deadline for seeking certiorari review in the U.S. Supreme Court expired. *See Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004). Accordingly, Petitioner had until October 9, 2009, to file his federal habeas petition, absent collateral state court activity. Petitioner did not file any state court motions until he filed a post-conviction motion on February 14, 2010, at which time the federal limitation period had already expired. Therefore, the instant Petition, handed to prison officials for mailing October 24, 2013, is clearly untimely.

In his Reply, Petitioner "does not disagree" that his Petition is untimely. Petitioner argues that the Court should consider his untimely Petition for three reasons: (1) *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012) permits it; (2) he did not have unfettered access to the law library at his prison; and (3) his actual innocence provides an exception to the limitations period. (Doc. 8). All three arguments are without merit.

In *Martinez*, the Supreme Court considered whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S. Ct. 1315. In appropriate circumstances, *Martinez* provides prisoners cause for overcoming procedural default of an ineffective-assistance claim so long as certain narrow conditions are met. There is nothing in *Martinez* that affords Petitioner relief from a finding that his habeas corpus petition is untimely under 28 U.S.C § 2244(d)(2), as opposed to providing a basis for overcoming a procedural default of a claim in an otherwise timely petition. *See, e.g., Culver v. Crews*, 2013 WL 1278968 (N.D. Fla. 2013) (declining to find that *Martinez* provided a basis for equitable tolling of the AEDPA limitations period); *Wise v. Rozum,* 2013 WL 579659 (M.D. Pa. 2013) ("The *Martinez* decision did not allow for equitable tolling of the AEDPA deadlines."); *Kingsberry v. Maryland*, 2012 WL 2031991 (D. Md. 2012) ("*Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here.").

To the extent Petitioner maintains he is entitled to equitable tolling because of limitations on access to the prison law library, the Court is unpersuaded. Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y of Dep't of Corr.,* 362 F.3d 698, 700 (11th Cir. 2004) (quoting *Helton v. Sec'y of Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted)). This means that the Petitioner must show that the untimeliness of his petition was "both beyond his control and unavoidable even with

4

due diligence." *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003). Petitioner has failed to show that the untimeliness of his Petition was both beyond his control and unavoidable even with due diligence.

Finally, Petitioner argues that he is actually innocent. An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner's conclusory assertions are insufficient. (Doc. 8). The absence of any new reliable evidence of his asserted innocence is fatal to Petitioner's claim of entitlement to an actual innocence gateway through the one-year federal limitations bar. *See Rozzelle*, 672 F.3d at 1011.

## Conclusion

The Petition is due to be dismissed as time-barred. The Clerk is directed to dismiss the Petition with prejudice, terminate any pending motions, and close the file. Further, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C.

2253(c)(2). The Court also declines to allow Petitioner to proceed on appeal *in forma pauperis* because any such appeal would not be taken in good faith.

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

CF: sa